UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:14-cr-523-T-23TGW
 8:15-cv-2762-T-23TGW

JOSEPH LANE
_____/

**ORDER**

Claiming ineffective assistance of counsel, Joseph Lane moves (Doc. 1) under 28 U.S.C. § 2255 to vacate his sentence of 108 months' imprisonment. The United States responds (Doc. 5), and Lane files (Doc. 7) a "supplement."

**Background**

Commercial truck drivers by trade, Joseph Lane and his wife transported "multiple pound quantities of methamphetamine on a monthly basis" from Arizona to Florida. (Crim. Doc. 106 at ¶ 16) Lane pleaded guilty with a written plea agreement to conspiring to distribute five hundred grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A). During the plea colloquy, Lane confirmed that he reviewed with counsel each page of the plea agreement and that he was satisfied with counsel's performance. (Crim. Doc. 143 at 7, 23)

Calculation of Lane's offense level under the United States Sentencing Guidelines included a two-level reduction under Section 3E1.1(a) for acceptance

of responsibility, a one-level reduction under Section 3E1.1(b) for acceptance of responsibility, and a one-level downward departure under Section 5K1.1 for substantial assistance. (Crim. Doc. 106 at ¶¶ 34–35, Doc. 120) The resulting offense level 32 and criminal history category I yielded an advisory guidelines range of 121 to 151 months' imprisonment.

Counsel requested both application of the safety value under Section 5C1.2 and a downward departure under Section 5K2.0 based on Lane's personal history and physical impairments. Although counsel conceded that Lane was not eligible for a minor-role reduction under Section 3B1.2, counsel emphasized that Lane's conduct was limited to transporting and storing methamphetamine. Finally, counsel argued for a downward variance under 18 U.S.C. § 3553(a). (Crim. Doc. 111, Doc. 147)

Based on Lane's physical impairments and his status as a first-time offender, Lane received a below-guidelines sentence of 108 months' imprisonment. (Crim. Doc. 122 at 3, Doc. 147 at 56) Consistent with the plea agreement, Lane forfeited firearms, ammunition, and $74,610.00. (Crim. Doc. 69 at 6–9, Doc. 131 at 6) Lane filed no direct appeal.[1]

## Analysis

Lane claims ineffective assistance, a difficult claim to sustain. To demonstrate that counsel was constitutionally ineffective, a movant must show (1) that counsel's

---

[1] Lane's motion to vacate states in the procedural history that counsel "failed" to appeal because counsel "saw no reason to appeal." (Doc. 1 at 4) Lane does not assert that he asked counsel to appeal, and Lane alleges no ineffective assistance claim based on a failure to appeal.

representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

1.  **Ineffective assistance during plea negotiations**

In grounds one and three, Lane alleges that counsel advised him "not to fight the case because I would get a light sentence." In particular, counsel promised that Lane would "only get five years" because of his medical conditions, because he was a first-time offender, and because his guns and money were "legal." (Doc. 1 at 7)

As an initial matter, Lane received a below-guidelines sentence based on his physical impairments and his status as a first-time offender. And Lane fails to establish prejudice because both the plea agreement and the plea colloquy informed Lane that he could not rely on counsel's sentencing prediction. *Stillwell v. United States*, 709 F. App'x 585, 590 (11th Cir. 2017); *accord United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990).

The plea agreement states that the court retains discretion to determine Lane's sentence and that the "[c]ourt has jurisdiction and authority to impose any sentence up to the statutory maximum." The agreement further states that Lane pleaded guilty "without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of

benefit of any kind (other than the concessions contained herein)[.]" (Crim. Doc. 69 at 12–14)

During the plea colloquy, Lane testified that he understood his offense carried a mandatory minimum sentence of ten years' imprisonment and a maximum sentence of life imprisonment. Lane acknowledged that the court could impose a higher sentence than the sentence recommended by the United States, and he confirmed that his guilty plea was not induced by a promise outside the plea agreement. (Crim. Doc. 143 at 23–24, 28, 30–32, 35–36) Lane alleges no fact to rebut his sworn statements during the plea colloquy. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.")

**2.      Ineffective assistance claims waived by the guilty plea**

In grounds one and two, Lane contends that counsel performed deficiently by failing to challenge a search warrant and by failing to investigate the provenance of Lane's money and guns. But by pleading guilty, Lane waived all non-jurisdictional challenges to the constitutionality of his conviction, including claims of ineffective assistance based on pre-plea events. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). "[O]nly an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson*, 962 F.2d at 997.

Counsel's sentencing prediction is not sufficient to render Lane's guilty plea involuntary or unknowing. *United States v. Pease*, 240 F.3d 938, 940–41 (11th Cir.

2001). And Lane does not otherwise assert that counsel's pre-plea conduct rendered his plea involuntary or unknowing. *See Bullard v. Warden, Jenkins Corr. Ctr.*, 610 F. App'x 821, 824 (11th Cir. 2015) ("Mr. Bullard does not contend that his plea was involuntary due to his counsel's failure to file a motion to suppress, so the ineffectiveness claim is waived by the plea.").

### 3. Ineffective assistance at sentencing

In ground four, Lane alleges that counsel performed deficiently at sentencing by failing to object to the forfeiture, by failing to call witnesses to testify that Lane was a mere user of methamphetamine, and by failing to object to the drug quantity (10.8 kilograms) used to calculate his base offense level. However, in the plea agreement Lane consented to the forfeiture and admitted to transporting "multiple pound quantities of methamphetamine on a monthly basis." (Crim. Doc. 69 at 6–9, 15–17) Counsel is not obligated to raise meritless objections. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

Moreover, Lane's experienced defense counsel reasonably declined to raise objections that would jeopardize Lane's three-level downward adjustment for acceptance of responsibility. Counsel instead advanced a number of well-crafted arguments in favor of a lower sentence and ultimately secured Lane a below-guidelines term of imprisonment. *See Harrington v. Richter*, 562 U.S. 86, 109 (2011) ("There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect."); *Provenzano v.*

*Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998) ("Our strong reluctance to second guess strategic decisions is even greater where those decisions were made by experienced criminal defense counsel.")

### 4. Supplemental claims

On November 23, 2016, Lane filed a "supplement" alleging that his failure to receive a minor-role reduction violates due process and that counsel provided ineffective assistance by failing to "raise this issue." (Doc. 7 at 3) Assuming Lane's untimely claims relate back to his timely motion to vacate under Rule 15(c), Federal Rules of Civil Procedure, the claims possess no arguable merit.

Lane's due process claim is procedurally defaulted because he neglected to raise the minor-role argument on direct appeal and he demonstrates neither cause and prejudice nor actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).

Lane's ineffective assistance claim fails because counsel performed reasonably. Counsel correctly conceded that Lane was ineligible for a minor-role reduction under Section 3B1.2 because Lane was the more culpable participant in the relevant conduct. (Doc. 147 at 28, 49); *see United States v. Rodriguez De Varon*, 175 F.3d 930, 941 (11th Cir. 1999) ("the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant"). Counsel instead argued (albeit unsuccessfully) that Lane's role as a

"transporter or mule" warranted a downward departure under Section 5K2.0. (Crim. Doc. 111 at 14–16)

## Conclusion

The motion to vacate (Doc. 1) and supplemental claims (Doc. 7) are **DENIED**. The clerk is directed to enter a judgment against Lane and to **CLOSE** this case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

To merit a certificate of appealability, Lane must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Lambrix v. Sec'y, Fla. Dep't of Corrs.*, 851 F.3d 1158, 1169 (11th Cir. 2017). Because Lane fails to show that reasonable jurists would debate the merits of the procedural issues or the merits of the claims, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Lane must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 20, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE